UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANCISCO MOLINA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-00416 |
| | § | |
| FEDERAL BUREAU OF PRISONS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Francisco Molina, proceeding *pro se,* is a federal prisoner at the Federal Correctional Institution-Three Rivers ("FCI-Three Rivers") in Three Rivers, Texas. In August 2018, he filed the present 28 U.S.C. § 2241 petition, alleging that the Federal Bureau of Prisons ("BOP") incorrectly calculated his sentence. (D.E. 1). Respondent BOP moves to dismiss[1] Molina's claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that Molina's sentence was calculated correctly and that he has failed to exhaust his administrative remedies. (D.E. 16). Molina has not responded. For the reasons discussed further below, it is recommended that Respondent's motion be GRANTED and Molina's petition be DENIED on the merits or, alternatively, DISMISSED without prejudice for failure to exhaust administrative remedies.

---

[1] Respondent titles the motion as a motion to dismiss, but also refers to it as a motion for summary judgment. (*See* D.E. 8 at 1, 7). In any event, because the motion presents matters outside of the pleadings, the Court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d).

I.  **JURISDICTION**

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is appropriate in this court because Molina is incarcerated in the Southern District of Texas. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

II.  **BACKGROUND**

a.  **Petition**

In August 2018, Molina filed his § 2241 petition. (D.E. 1 at 1-2). Liberally construed, Molina alleges that the BOP is running his two sentences consecutively, even though the sentencing judge in his Middle District of Georgia proceedings ordered that his 139-month sentence run concurrent to a sentence he previously received in the Eastern District of Michigan. (*Id.*). He alleges that the BOP has not applied his time served on his first sentence to his second sentence. (*Id.* at 2). Molina seeks to have the sentence calculation corrected. He indicates that he has started the administrative remedy process, but that BOP policy requires a court order to correct such errors. (*Id.*).

b.  **Summary Judgment Evidence**

According to the presentence investigation report prepared in Molina's Eastern District of Michigan proceedings, case number 2:12-cr-20724, Molina was arrested on October 16, 2012, and subsequently indicted on several charges. (D.E. 16 at 30-33). In July 2013, he pleaded guilty to two counts of using a communications facility while facilitating the commission of a violation of the Controlled Substances Act. (*Id.* at 33). In May 2013, while the Michigan proceedings were ongoing, Molina was indicted in the Middle District of Georgia, case number 1:13-cr-00029, on one count of conspiracy to

2

possess with intent to distribute cocaine and marijuana. (*Id.* at 38). Molina pleaded guilty to the Georgia charge as well. (*Id.* at 49).

On March 24, 2014, the Michigan court entered judgment against Molina, sentencing him to a 90-month total sentence. (*Id.* at 40-41). Nearly two years later, on March 16, 2016, the Georgia court entered judgment against Molina, sentencing him to 139 months' imprisonment "to begin on March 16, 2016 and run concurrently to" the Michigan sentence. (*Id.* at 49-50).

J.R. Johnson, a BOP employee specializing in the computation of sentences, stated the following in a declaration. (*Id.* at 23-28). The BOP calculated Molina's total sentence by commencing the 139-month sentence on the date it was imposed, while at the same time the initial 90-month sentence continued to be served from the date it was imposed. (*Id.* at 24-25). Thus, beginning from the day the Michigan sentence was imposed, Molina had a combined total term of imprisonment of 13 years, 6 months, and 22 days. (*Id.* at 25). The BOP then applied prior custody credit for the time between Molina's arrest on October 16, 2012, and the day his Michigan sentence was imposed. (*Id.*). Thus, following this calculation, BOP records indicated that Molina's full term would expire on May 9, 2026. (*Id.* at 56, 69). Johnson also stated that BOP records showed that Molina had not sought any administrative remedies. (*Id.* at 25).

### III. DISCUSSION

#### a. Summary Judgment Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). If a motion filed under Rule

3

12(b)(6) presents matters outside of the pleadings, the Court must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Here, because the Court must consider matters outside of the pleadings, Respondent's motion is one for summary judgment.

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Salazar-Limon v. City of Houston*, 826 F.3d 272, 274-75 (5th Cir. 2016).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no

4

reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451.

### b. Analysis

In the motion for summary judgment, Respondent argues that Molina's petition should be denied on the merits because his sentence was correctly calculated. (D.E. 16 at 7-14). Respondent asserts that the Georgia sentence could not have commenced before it was imposed on March 16, 2016. (D.E. 16 at 7-12). Thus, Respondent argues that it properly commenced the 139-month sentence on March 16, 2016, as provided in the Georgia court's judgment, and ran the Michigan and Georgia sentences concurrently from that point forward, along with giving Molina credit for prior custody time. (*Id.* at 12-14). Alternatively, Respondent contends that Molina's petition should be dismissed for lack of jurisdiction because he failed to exhaust his administrative remedies. (*Id.* at 14-18). Respondent argues that Molina has the court order that he would need to seek an administrative remedy, namely, the Georgia court's judgment. (*Id.* at 18).

Molina has not responded.

A petitioner must exhaust his administrative remedies in the BOP before filing a § 2241 petition in federal court. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The petitioner must exhaust all available remedies, even if the relief he seeks cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Exceptions to the exhaustion requirement are appropriate where administrative remedies are either unavailable or wholly inappropriate for the relief sought, or where the attempt to exhaust the remedies would be a patently futile course of action. *Fuller v. Rich*, 11

5

F.3d 61, 63 (5th Cir. 1994). These exceptions apply only in extraordinary circumstances, and the petitioner bears the burden of demonstrating futility. *Id.* The failure to exhaust is an affirmative defense that must be asserted by the respondent; the plaintiff need not establish exhaustion in his complaint. *Carbe v. Lappin*, 492 F.3d 325, 328 & n.8 (5th Cir. 2007).

The BOP provides a four-step remedy procedure for inmates to follow. First, an inmate must present an issue of concern informally to the staff. 28 C.F.R. § 542.13(a). If his problem is not resolved, the inmate then submits a Request for Administrative Remedy to the designated institutional staff member, typically a correctional counselor. 28 C.F.R. § 542.14. If the inmate remains dissatisfied with the response to his complaint, he may submit an appeal to the appropriate Regional Director. 28 C.F.R. § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, he may appeal to the General Counsel. *Id.*

However, if a petitioner fails to plead a viable claim under § 2241, the Court may dismiss the petition on the merits without requiring exhaustion. *See Adams v. Morrison*, 84 F. App'x 419, 420 (5th Cir. 2003) (unpublished) (affirming on the merits where the petitioner also failed to exhaust his administrative remedies).

A sentence commences on the date the defendant is received in custody awaiting transportation to the official detention facility at which the sentence is to be served. 18 U.S.C. § 3585(a). A sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). Multiple terms of imprisonment that are ordered to run

6

either consecutively or concurrently are treated for administrative purposes as a single, aggregate term of imprisonment. 18 U.S.C. § 3584(c).

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed or as a result of any other charge for which the defendant was arrested after the commission of the offense, so long as that time has not been credited against another sentence. 18 U.S.C. § 3585(b). The computation of prior custody time is not completed by the sentencing court, but rather is calculated by the BOP after sentencing. *United States v. Wilson*, 503 U.S. 329, 333-34 (1992).

As an initial matter, the Respondent is incorrect in the contention that a failure to exhaust administrative remedies deprives this Court of jurisdiction. Rather, exhaustion is an affirmative defense that must be raised by the Respondent and is not jurisdictional. *Carbe*, 492 F.3d at 328. Nonetheless, Molina has failed to exhaust his administrative remedies. Molina concedes in his petition that he has not exhausted his administrative remedies, and he has not provided any other evidence to the contrary. (D.E. 1 at 2). Although Molina contends that he cannot obtain relief through the administrative process without a court order, he already has the Georgia court's judgment, which is the operative court order. (*See id.*; D.E. 18 at 49-50). Regardless, Molina must exhaust the available remedies even where the relief he seeks cannot be granted by the administrative process. *Woodford*, 548 U.S. at 84. He has not otherwise established an extraordinary

7

circumstance that would excuse him from exhausting the administrative remedies. *Fuller*, 11 F.3d at 63.

However, because Molina has failed to plead a viable claim under § 2241, the Court may also deny his petition on the merits. *See Adams*, 84 F. App'x at 420. The BOP correctly calculated Molina's sentence. First, Molina's Georgia sentence could not have commenced prior to the date it was pronounced, so the 139-month sentence necessarily began on the day it was imposed and was not retroactive to the commencement of Molina's Michigan sentence. *See Flores*, 616 F.2d at 841. Second, the BOP properly aggregated Molina's two sentences into a single total sentence of 13 years, 6 months, and 22 days from the date his Michigan sentence commenced on March 24, 2014. 18 U.S.C. § 3584(c). Split into its component parts, this sentence consists of: (1) the 23 months and 22 days between the commencement of Molina's Michigan sentence and the commencement of his Georgia sentence; and (2) the 139-month Georgia sentence. (*See* D.E. 16 at 24-25, 40-41, 49-50). Based on this calculation, Molina's release date would be October 16, 2027. The BOP then applied a 17-month-and-7-day prior time credit for the time between when Molina was arrested on October 16, 2012, and when his Michigan sentence commenced on March 24, 2014. After applying this credit, Molina's release date would be May 9, 2026, which is the same conclusion the BOP reached. (*See id.* at 56, 69). Finally, as per the Georgia court's order, the Michigan sentence continues to run concurrently and will expire before the completion of Molina's

Georgia sentence.[2] (*See id.* at 50). Thus, the BOP's sentence calculation is consistent with both established law and the Georgia court's order, and the calculations are correct.

## IV. RECOMMENDATION

Accordingly, it is recommended that Respondent's motion for summary judgment (D.E. 16) be GRANTED and Molina's petition (D.E. 1) be DENIED on the merits or, alternatively, DISMISSED without prejudice for failure to exhaust administrative remedies.

Respectfully submitted this 24th day of May, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[2] If the sentences were consecutive rather than concurrent, Molina would have had nearly another 66 months of imprisonment beyond May 9, 2026, because he only completed just over 24 months of the 90-month Michigan sentence at the time the Georgia sentence commenced.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).